YORDAN *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 11.—Decided October 13, 1905.

PUBLIC DOCUMENT—EXECUTION—CASES IN WHICH NOTARY BEFORE WHOM IN-STRUMENTS ARE EXECUTED IS AN INTERESTED PARTY.—Before the appellant, a notary public, an instrument was executed whereby a mortgage was constituted upon property belonging to him, his wife taking part in the execution of such instrument, for the purpose of giving her consent to the constitution of the encumbrance; it was held that in accordance with law such an instrument is absolutely null, because the consent of the wife to the execution of the mortgage necessarily implies a disposition of the property in favor of the notary before whom the instrument was executed, and therefore the case falls under the provision of law which prohibits notaries public from drawing up and certifying contracts containing any disposition in their favor.

STATEMENT OF THE CASE.

This is an appeal taken by Attorney and Notary Luis L. Yordan Dávila from a decision of the Registrar of Property of Ponce refusing to admit a mortgage deed to record.

By public deed executed in the city of Ponce, February 25th, last, before Luis L. Yordan Dávila, a notary of said city, the said Luis L. Yordan Dávila, availing himself of the authority vested in him by article 65 of the Regulations of the Notarial Law in force, and in conjunction with Carlos Feliz Chardon y Leon, and both with the consent of their respective wives, Angela Passarell y Passarell and Isabel Palacios Pelle-

tier, constituted a voluntary mortgage on an undivided rural estate which they owned in equal shares, in favor of the joint stock company doing business in the said city of Ponce under the style of *Credito y Ahorro Ponceno,* for the sum of $2,000, which Julio N. Chardon y Rodriguez owed said banking institution, and for which sum the said Luis L. Yordan Dávila and Carlos Feliz Chardon y Leon were sureties in severalty; the said Angela Pasarell y Pasarell and Isabel Palacios Pelletier were present at the execution of the instrument for the purpose of giving their consent to the mortgage constituted by their respective husbands, as they expressly stated in the deed, which they signed together with their husbands.

Upon the presentation of a copy of said deed to the Registrar of Property of Ponce for record, the registrar, Jose Sasatraño Belaval, refused to admit it to record on the grounds which he stated in the decision entered at the end of said document, which reads as follows:

"The record of the preceding document is denied on account of the estates encumbered appearing of record in favor of a third person, *and furthermore, because the wife of the attesting notary, Angela Pasarell y Pasarell, having given her consent to the constitution of the mortgage, the document becomes included in the prohibition established in article 22 of the Notarial Law, a violation of which entails the nullity of the deed, according to the first paragraph of article 27 of said law;* and I enter a cautionary notice effective for a period of four months, at folio 244, reverse side, and 13, reverse side, of libers 34 and 101 of Juana Diaz and Ponce, estates numbers 1725 and 4442, entries letters A, in which I have also set forth the curable defect of the power of the directing manager to enter into contracts on behalf of the *Credito y Ahorro Ponceño* not being shown.—Ponce, August 8, 1905."

From this decision Notary Luis L. Yordan Dávila took this appeal in due time, alleging:

"First. That the prohibition embodied in article 22 of the Notarial Law did not apply to the appellant and his wife as parties to

the deed, the appellant being the notary who attested the document, inasmuch as the deed in question *does not contain any provision in favor of any of the parties thereto;* far from this, the appellant and his wife execute a mortgage bond on part of an estate belonging to him, that is to say, they create obligations against themselves without deriving any benefit.

"Second. That said article 22 of the Notarial Law cited by the registrar of property is in perfect harmony with article 65 of the Regulations for the application of said law, which article was invoked in the deed in question, which provides that a notary, when his own private obligations alone are involved, may also be a party to the instrument, writing before his signature *by me* and *before me,* and in a similar manner authenticate the obligations of his relatives. Inasmuch as in the deed in question all the provisions of said article 65 have been observed, and obligations against the notary only are established, it is clear and evident that said deed is perfectly valid and efficient and cannot be considered void, as capriciously affirmed by the registrar of property, nor to be comprised in the first paragraph of article 27 of the law referred to.

"Third. Because even assuming that the deed were void in so far as the appellant and his wife are concerned, the registrar should have recorded it with regard to the mortgage bond constituted therein by Carlos F. Chardon Leon and his wife, persons completely foreign to the appellant, notwithstanding which he denied the record although it had been requested, and this court is therefore prayed to reverse in all its parts the classification made by the Registrar of Property of Ponce with reference to the nullity which he attributes to the deed of February 25th of the current year, under number 7, executed in the protocol of the appellant, a copy of which deed is attached, and that he be ordered, after recording the previous documents to which said official refers, to make the record of this deed at his cost, on account of his classification thereof being contrary to law; and, inasmuch as the appellant has suffered loss and damage by this refusal, both in taking this appeal and in his professional reputation, that the sum of $50 be taxed as costs against said registrar, for the payment of postage and incidental expenses incurred by the appellant as a party in interest in taking this appeal, in accordance with the provisions of said act of March 1, 1902."

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

In view of the provisions of articles 22 and 27 of the Notarial Law in force in this Island, and article 65 of the Regulations thereof, and the opinion of this Supreme Court of this date on appeal number 11, taken by said Notary Luis Yordan Dávila from a decision of the Registrar of Property of Ponce, refusing to admit to record another mortgage deed, which opinion, by analogy of the cases, is perfectly applicable to this case, the decision of the Registrar of Property of Ponce placed at the end of the deed refusing to admit it to record, the subject matter of this appeal, is affirmed, without special taxation of costs, and it is ordered that said deed be returned to the said registrar with a copy of this decision, for the proper purposes.

Justices Hernandez, Figueras, MacLeary and Wolf concurred.